**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Joye Roofing, LLC,<br><br>                      Debtor. | Case No. 24-03393-eg<br>Chapter 7 |
| Janet B. Haigler, Chapter 7 Trustee for Joye Roofing, LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>Derek Joye by and through his personal representative Donna H. Joye, and Donna H. Joye,<br><br>                      Defendant. | Adv. Pro. No._____<br><br>**COMPLAINT** |

Janet B. Haigler, Chapter 7 Trustee (the "Trustee") for the Estate of Joye Roofing, LLC ("the Debtor"), by and through her undersigned counsel, complaining of the acts of Derek Joye (the "Husband") by and through his personal representative Donna H. Joye, and Donna H. Joye (the "Wife") (collectively Husband and Wife are the "Defendants") would show the following:

**JURISDICTION AND VENUE**

1. This matter is a core proceeding within the jurisdiction of this Court pursuant to 28 U.S.C § 157(b)(2)(H) and Bankruptcy Rule 7001(1) as it is an action to recover money or property for the estate through the setting aside a fraudulent conveyance or a preference.

2. The Plaintiff consents to this court having authority to enter a final judgment in this proceeding.

3.  Venue is proper in this Court because the Debtor's bankruptcy is in this Court and division pursuant to 28 U.S.C. §§ 1408 and 1409(a). Further, the property that was the subject of the preference or fraudulent conveyance was located in the state of South Carolina at the time of the fraudulent conveyances or preferences.

## FACTUAL ALLEGATIONS

4.  The Debtor filed for protection under Chapter 7 of Title 11 of the United States Code of Laws (the "Bankruptcy Code") on September 18, 2024.

5.  The Debtor roofing company owned and operated by the Husband.

6.  The Wife is married to the Husband.

7.  Within the one year immediately preceding the bankruptcy, according to the Debtor's schedules, the Husband received payments totaling $940,000, specifically on April 16, 2024 the amount of $250,000, on April 16, 2024 the amount of $190,000, on April 22, 2024 the amount of $300,000 and on May 9, 2024 the amount of $200,000.

8.  Thus, within the one year immediately preceding the bankruptcy, the Husband received payments from the Debtor totaling $940,000 (the "Transfers").

9.  The Debtor's schedules do not provide a reason for the Transfers.

10. The Husband deposited the Transfers into a joint account with the Wife.

11. On May 10, 2024, the Husband committed suicide.

12. Because the funds were located in a joint account, control over the funds was transferred to the Wife.

13. The Wife then transferred the funds into a Hobbs Group Advisory Fund, account ending in 0097 (the "Brokerage Account") solely in the name of the Wife.

14. On January 7, 2025, the Trustee wrote to Debtor's counsel concerning the transfer requesting that the funds be returned to the estate and asking if there existed any defenses to what appeared to be an avoidable transfer.

15. On January 9, 2025, the attorney for the Debtor wrote back confirming the deposits into the account and stating that the funds were transferred to the Wife by operation of South Carolina probate law and therefore not avoidable.

**FOR A FIRST CAUSE OF ACTION**
**(Pled in the Alternative - Preferential Transfer under 11 U.S.C. §547)**

16. Pursuant to section 547(b) of the United States Bankruptcy Code, a trustee may avoid any transfer of an interest of the debtor in property:

    (1)    to or for the benefit of the creditor;

    (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3)    made while the debtors was insolvent;

    (4)    made –

        (A)    on or within 90 days before the date of the filing of the petition; or

        (B)    between within one year before the date of the filing of the petition to an insider the petition; and

    (5)    that enables such creditor to receive more than such creditor would receive if --

        (a)    the case were under chapter 7 of this title;

        (b)    the transfer had not been made; and

(c)  such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

17. The Transfers from the Debtor to the Husband was a transfer to or for the benefit of the Husband.

18. Upon information and belief, the Transfers from the Debtor to the Husband may have been made for or an account of the antecedent debt owed by the Debtor to the Husband before such Transfers were made.

19. The Transfers from the Debtor to the Husband was made while the Debtor was insolvent.

20. The Transfers from the Debtor to the Husband were made within the one year before the date of the filing of the petition for bankruptcy and the Husband is an insider of the Debtor.

21. The Transfers from the Debtor to the Husband enables the Husband to receive more than he would have received if (a) the Debtor was in a case under Chapter 7 of the Bankruptcy Code at the time of the Transfer, (b) the Transfer had not been made; and (c) the Husband received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

22. Wherefore, the Trustee prays that this court enter judgment against the Husband in the total amount of the Transfers, $940,000.

**FOR A SECOND CAUSE OF ACTION**
**(Pled in the Alternative Fraudulent Conveyance under 11 U.S.C. §548)**

23. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint.

24. Pursuant to section 548(b) of the United States Bankruptcy Code, a trustee may avoid any transfer of an interest of the debtor in property that was made or incurred on or within 2 years

4

before the date of the filing of the petition, if the debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for such transfer or obligation; and (a) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (c) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or (d) made such transfer to or for the benefit of an insider or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

25.    Upon information and belief, the Debtor did not borrow money from the Husband.

26.    The Husband had no claim against the Debtor.

27.    The Debtor, while insolvent or being rendered insolvent as a result thereof, did, within two years of the filing of the above-mentioned Petition Date, voluntarily and without adequate consideration, made the Transfers to the Husband.

28.    The Debtor received less than reasonably equivalent value in exchange for the Transfers. Indeed, the Transfers were for the benefit of the Husband and not for the benefit of the Debtor.

29.    The Transfers are not exempt from execution and liability for debts by the law of South Carolina; that, by virtue of the bankruptcy laws of the United States, the Transfers, by reason of the above-described fraudulent nature of the Transfers, remained a part of the assets and estate of Debtor, and passed to the Plaintiff as the chapter 7 trustee of the Debtor.

30.    In receiving the Transfers, the Husband did not take "for value and in good faith" within the meaning of 11 U.S.C.A. § 548(c) because the Husband did not give "value to the Debtor in

exchange for such transfer or obligation." Further, the Husband knew, or should have known, at the time of the Transfers, of the Debtor's insolvency, since the Husband was an insider of the Debtor and the owner of the Debtor.

31. The Transfers constitute fraudulent transfers of the Debtor's assets.

32. Pursuant to 11 U.S.C.A. § 548, Plaintiff may set aside the amount of the Transfers for the benefit of Debtor's estate.

33. Wherefore the Plaintiff prays for judgment against the Husband in the amount of the transfers.

<strong><u>FOR A THIRD CAUSE OF ACTION</u></strong><br><strong><u>(Judgment against the Wife for Value of the</u></strong><br><strong><u>Fraudulent Conveyance and/or Preferential Transfer)</u></strong>

34. Under Section 550 of the Bankruptcy Code, the Trustee may recover transfers from the initial transferee, in this case, the Husband, or from "any immediate or mediate transferee, in this case the Wife, of such initial transferee.

35. Upon information and belief, the Wife did not take the Transfer from the Husband for value. She did not give any value to the Husband or the Husband's probate estate in exchange for the transfer of funds in the Joint Account.

36. Upon information and belief, the Wife did not receive the Transfer in good faith as she knew or should have known that her husband did not receive the Transfers from the Debtor for valuable consideration.

37. Wherefore, the Trustee prays for judgment against the Wife in the amount of Transfers.

38. Pursuant to Section 550 of the Bankruptcy Code, the Trustee may avoid the Transfer.

6

39. Wherefore, the Trustee prays in the alternative to the full balance located in the Brokerage Account to the extent that the value in the Brokerage Account exceeds the amount of the Transfer.

## FOR A FOUTH CAUSE OF ACTION
### (Pled in the Alternative Fraudulent Conveyance under S.C. Code Ann. §27-23-10)

40. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint.

41. Under South Carolina law,

> Every gift, grant, alienation, bargain, transfer, and conveyance of lands. ... goods and chattels or any of them, ... which may be had or made ... for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures must be deemed and taken (only as against that person or persons, his or their heirs, successors, executors, administrators and assigns ... ) to be clearly and utterly void ... and of no effect, ... any other matter or thing to the contrary notwithstanding.

S.C. Code Ann. § 27–23–10(A) (2007)(emphasis added). This section of the South Carolina code is often referred to as the Statute of Elizabeth. The basic principle of the Statute of Elizabeth is that one must do equity before one can be generous.

42. In this case, the Debtor voluntarily transferred the Transfers to the Husband for inadequate consideration.

43. Under South Carolina law, the South Carolina Supreme Court has held as follows:

> We have held that under [the Statute of Elizabeth], conveyances shall be set aside under two conditions: First, where the transfer is made by the grantor with the actual intent of defrauding his creditors where that intent is imputable to the grantee, even though there is a valuable consideration; and, second, where a transfer is made without actual intent to defraud the grantor's creditors, but without consideration.... If the transfer was not made on a valuable consideration, no actual intent to hinder or delay creditors needs be proven.

7

*Windsor Props., Inc. v. Dolphin Head Constr. Co.*, 331 S.C. 466, 470–71, 498 S.E.2d 858, 860 (1998).

44. Under Bankruptcy Code Section 544, as a judgment creditor, the Plaintiff may set aside those conveyances as a judgment creditor. Thus, pursuant to the Statute of Elizabeth, conveyances may be set aside when there is inadequate consideration. In this case, the Husband received the Transfers for no consideration flowing back to the Debtor.

45. The Transfers were made while the Debtor was insolvent or rendered the Debtor insolvent.

46. At all times during which the Transfer were made, the Debtor was indebted to other existing creditors as included on the bankruptcy schedules of the Debtor.

47. Such existing creditors remain unpaid and have allowable unsecured claims in the Debtor's bankruptcy case.

48. The Debtor failed to retain sufficient property to pay the indebtedness owing to its existing creditors.

49. Because the Husband committed suicide, the Transfers were then transferred to the Wife as part of the Husband's scheme to hinder, delay or defraud the creditors of the Debtor.

50. Wherefore, the Plaintiff prays that the Court set aside the Transfers as fraudulent conveyances and render judgment against the Husband and Wife in the amount of the Transfers.

    WHEREFORE, the Trustee prays for judgment against the Husband and Wife for:

a. An order setting aside the Transfers;

b. Judgment against the Husband and Wife in the amount of the Transfers;

    c.       An order requiring the Defendant to pay for the costs and attorney fees of the Trustee for bringing this Action; and

    d.       Such other and further relief as the court may deem just and proper.

/s/ Richard R. Gleissner
Richard R. Gleissner, Esquire
U.S. District Court ID No. 5389
Gleissner Law Firm, L.L.C.
1316 Washington Street, Suite 101
Columbia, South Carolina 29201
(803) 787-0505
Attorneys for Janet B. Haigler, Trustee

Dated: March 4, 2025